OPINION
{¶ 1} Defendant-appellant, Rodney Carson, appeals from a judgment of the Franklin County Court of Common Pleas denying his request for leave to file a delayed motion for new trial. For the following reasons, we affirm.
 {¶ 2} On September 15, 2004, a jury found defendant guilty of aggravated murder with a firearm specification. The trial court subsequently found defendant guilty of *Page 2 
having a weapon while under a disability. On December 6, 2004, the trial court issued a judgment entry in which it sentenced defendant to serve a term of 20 years to life for the aggravated murder conviction and a mandatory, consecutive three-year term for the firearm specification. The trial court also sentenced defendant to a concurrent 12-month term for his conviction for having a weapon while under a disability.
 {¶ 3} Defendant appealed his conviction, but this court overruled all of his assignments of error and affirmed the conviction. State v.Carson, Franklin App. No. 05AP-13, 2006-Ohio-2440. The Supreme Court of Ohio denied defendant leave to appeal to that court. State v.Carson, 111 Ohio St.3d 1416, 2006-Ohio-5083.
 {¶ 4} On November 1, 2006, defendant apparently filed a request for leave to file a delayed motion for new trial with the Clerk of the Franklin County Court of Common Pleas ("Clerk"). The Clerk neglected to docket defendant's request and failed to maintain a copy of the request in the case file. The state, however, responded to defendant's request with a memorandum contra.
 {¶ 5} When the trial court did not rule upon defendant's request, he filed a "Motion to Rule upon Previously Filed Motion for New Trial." In that motion, filed March 21, 2007, defendant urged the trial court to rule upon his November 1, 2006 request. Defendant attached to the motion a copy of the first page of his November 1, 2006 request, which bears the Clerk's time-stamp.
 {¶ 6} On May 3, 2007, defendant filed a motion entitled "Motion to Supplement/Amend Defendant's Motion for New Trial with New Evidence." Although the motion referred to affidavits and supplemental evidence, defendant failed to attach any such documents to his motion. After the state pointed out this deficiency, defendant filed *Page 3 
a motion entitled "Motion to Attach Exhibits to Previously Filed Motion for New Trial." Defendant attached multiple unauthenticated documents to that motion, all of which appear to have existed prior to defendant's trial.
 {¶ 7} In a May 24, 2007 journal entry, the trial court denied all of defendant's motions. The trial court found that defendant's request for leave to file a delayed motion for new trial was untimely, and that "nothing of record suggested] any reason the standard 14-day deadline could not have been met * * *." (Trial Court's Journal Entry, at 2.)
 {¶ 8} Defendant now appeals from the trial court's May 24, 2007 judgment. The appendix to defendant's appellate brief contains a complete copy of his request for leave to file a delayed motion for new trial.
 {¶ 9} On appeal, defendant assigns the following errors:
 [1.] The Appellant-Petitioner was denied Due Process of Law when the Clerk of Courts of Franklin County, Ohio, failed to enter into the record and Docket the Appellant's Motion for leave to file a Motion for New Trial, but returned the Appellant's time-stamped copy to the Appellant, thereby denying the Court a copy of said Motion for leave to file a Motion for New Trial for the Courts [sic] determinations.
 [2.] The Trial Court erred and abused it's [sic] discretion by not granting the Defendant-Appellant a hearing on His Motion for New Trial.
 [3.] The Trial Court erred and abused it's [sic] discretion by not granting the Defendant-Appellant's Motion for New Trial.
 {¶ 10} By his first assignment of error, defendant argues that the trial court erred in failing to docket or to retain a copy of his request for leave to file a delayed motion for new trial. Although we agree that the trial court erred, we find that the error was harmless. *Page 4 
 {¶ 11} A clerk of court must maintain a criminal appearance docket and "chronologically note in the appearance docket all: process issued and returns, pleas and motions, papers filed in an action, order, verdicts and judgments." Crim.R. 55(A). Furthermore, a clerk must file together and carefully preserve all papers delivered to the clerk's office in every case. R.C. 2303.09; Loc.R. 7.01 of the Franklin County Court of Common Pleas, General Division.
 {¶ 12} In the case at bar, neither the appearance docket nor the record reflects that defendant filed a request for leave to file a delayed motion for new trial. However, two documents contained in the record establish that defendant actually submitted such a filing to the Clerk on November 1, 2006. First, the state responded to defendant's request with a memorandum contra that refuted arguments made in the request. Second, when defendant filed his "Motion to Rule upon Previously Filed Motion for New Trial" he attached the first page of his request. That page is time-stamped:
 FILED COMMON PLEAS COURT FRANKLIN CO., OHIO 2006 NOV-1 PM 2:28 CLERK OF COURTS
Thus, we conclude that defendant filed a request for leave to file a delayed motion for new trial, and that the Clerk erred by failing to docket the request or to add it to the record.
 {¶ 13} Nevertheless, if the Clerk's error is harmless, we must disregard it. Crim.R. 52(A). Despite the Clerk's error, the trial court considered defendant's request and found it untimely. If defendant's request was indeed untimely, then the Clerk's error would be harmless, i.e., it would not affect defendant's substantial rights. *Page 5 
 {¶ 14} Pursuant to Crim.R. 33(B):
 Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
Necessarily then, Crim.R. 33(B) requires a two-step process for filing an untimely motion for new trial. State v. Lei, Franklin App. No. 05AP-288, 2006-Ohio-2608, at ¶ 22; State v. Lordi, 149 Ohio App.3d 627,2002-Ohio-5517, at ¶ 25. If a defendant wishes to file a motion for new trial for any reason except newly discovered evidence after the 14-day deadline, the defendant must first seek leave of court to file the delayed motion. Id. If the trial court grants leave, the defendant must then file the motion for new trial. Id.
 {¶ 15} Whether a trial court grants leave to file a delayed motion for new trial (for any reason other than newly discovered evidence) depends upon whether the defendant presents clear and convincing proof that he was unavoidably prevented from filing a timely motion. "`[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.'" State v. Davis, Franklin App. No. 03AP-1200, 2004-Ohio-6065, at ¶ 11, quoting State v. Walden (1984),19 Ohio App.3d 141, 145-146.
 {¶ 16} Essentially, defendant believes that he is entitled to a new trial for three reasons: (1) the prosecutor's misconduct, (2) the trial court's bias, and (3) his own *Page 6 
counsels' ineffective assistance. For the most part, defendant fails to explain how he was unavoidably prevented from discovering these grounds prior to the expiration of the deadline for filing a motion for new trial. Defendant does allege that he only recently discovered that the prosecutor withheld exculpatory evidence; namely, police reports. However, defendant presents no evidence establishing that the police reports were actually withheld or that he learned of them only after the Crim.R. 33(A) filing deadline. Clear and convincing proof that a defendant was unavoidably prevented from filing "`requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" State v. Lee, Franklin App. No. 05AP-229, 2005-Ohio-6374, at ¶ 9, quoting State v. Mathis (1999), 134 Ohio App.3d 77, 79.
 {¶ 17} Furthermore, the last two grounds that defendant advances — the trial court's bias and ineffective assistance of counsel — are premised in conduct that occurred prior to or during trial. Consequently, we find that defendant did not prove that he was unavoidably prevented from filing a timely motion, and thus, he is not entitled to file a delayed motion.
 {¶ 18} In so finding, we reject defendant's attempt to expand the scope of his request on appeal. In his appellate brief, appellant represents that Exhibit 1-A to his brief is a duplicate of the request that he filed in the trial court. On page one of Exhibit 1-A, defendant states that he seeks leave to file a delayed motion for new trial based upon newly discovered evidence. However, after comparing Exhibit 1-A to the request attached to the "Motion to Rule upon Previously Filed Motion for New Trial," we discovered that Exhibit 1-A is not identical to the request filed on November 1, 2006. *Page 7 
Defendant's November 1, 2006 request does not include newly discovered evidence as a basis for his motion. Because defendant did not argue the existence of newly discovered evidence in his original request, that ground is irrelevant to our timeliness determination.
 {¶ 19} As defendant's request for leave to file a delayed motion for new trial was untimely, the Clerk's failure to properly docket it and include it in the record amounts to harmless error. Accordingly, we overrule defendant's first assignment of error.
 {¶ 20} By defendant's second assignment of error, he argues that the trial court erred by failing to hold a hearing on his motion for new trial. We disagree.
 {¶ 21} First, the trial court denied defendant leave to file a delayed motion for new trial. Thus, the trial court never made a ruling on the appropriateness of a hearing on a motion for new trial. We cannot review a nonexistent ruling.
 {¶ 22} Second, even if we construe defendant's assignment of error as an attack on the trial court's decision not to hold a hearing upon defendant's request for leave, defendant's argument still fails. It is within a trial court's discretion to determine whether a hearing is warranted on a request for leave to file a delayed motion for new trial.State v. Holmes, Lorain App. No. 05CA008711, 2006-Ohio-1310, at ¶ 8. Defendant's request does not include any evidence proving that he was unavoidably prevented from discovering the grounds upon which he sought to base a motion for new trial. Given this deficiency, we conclude that the trial court did not abuse its discretion in denying defendant a hearing. See State v. King (June 11, 1993), Clark App. No. 2959 (finding that the trial court did not abuse its discretion when denying a defendant a hearing because his request contained no facts upon which the court could determine that he was *Page 8 
unavoidably prevented from discovering the evidence upon which he relied). Accordingly, we overrule defendant's second assignment of error.
 {¶ 23} By defendant's third assignment of error, he argues that the trial court erred in not granting him a new trial. We disagree.
 {¶ 24} Again, the trial court denied defendant leave to file a delayed motion for new trial. Thus, the trial court never ruled upon the merits of a motion for new trial. As we stated above, we cannot review a nonexistent ruling.
 {¶ 25} Moreover, even if we construe defendant's assignment of error as an attack on the trial court's denial of his request for leave, it still fails. As we explained above, defendant did not present clear and convincing proof that he was unavoidably prevented from filing his motion for new trial in the designated time period. On appeal, defendant mainly argues that he was unavoidably prevented from discovering new evidence that calls his conviction into question. However, defendant did not assert newly discovered evidence as a ground for a new trial in his request for leave. We cannot consider for the first time on appeal whether defendant could file a delayed motion on that ground. Accordingly, we overrule defendant's third assignment of error.
 {¶ 26} For the foregoing reasons, we overrule defendant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and FRENCH, JJ., concur. *Page 1