OPINION
{¶ 1} This is an appeal by defendant-appellant, Roger Rutan, from a judgment of the Franklin County Court of Common Pleas denying appellant's petition to vacate or set aside his sentence.
 {¶ 2} On September 10, 1996, appellant was indicted on fourteen counts of gross sexual imposition, four counts of kidnapping, twenty counts of contributing to the unruliness or delinquency of a child, seven counts of corrupting another with drugs, and *Page 2 
seven counts of felonious sexual penetration. The case was tried before a jury; following the presentation of the state's case, various counts were dismissed either at the request of the prosecution or by the court's granting of defense counsel's Crim.R. 29 motion for judgment of acquittal. The jury returned verdicts finding appellant guilty of nine counts of gross sexual imposition, two counts of kidnapping, two counts of felonious sexual penetration, eight counts of contributing to the unruliness or delinquency of a child, and three counts of corrupting another with drugs. The trial court sentenced appellant by entry filed May 28, 1997.
 {¶ 3} Appellant appealed his convictions, and in State v. Rutan (Dec. 16, 1997), Franklin App. No. 97APA03-389, this court affirmed appellant's convictions with the exception of one of the counts of gross sexual imposition. However, because the sentence on that count was to be served consecutively with terms imposed in other counts, this court deemed it unnecessary to remand the matter for re-sentencing.
 {¶ 4} On April 16, 2001, appellant filed a petition to vacate or set aside his sentence and judgment pursuant to R.C. 2953.21. On April 25, 2001, the state filed a response to appellant's petition, asserting that the petition was untimely and, alternatively, that appellant had not submitted sufficient evidentiary material to demonstrate he was entitled to relief. On April 25, 2001, the trial court denied appellant's petition as untimely.
 {¶ 5} On June 7, 2006, appellant filed another petition to vacate or set aside his sentence. In the supporting memorandum, appellant argued that the prosecutor lost or destroyed exculpatory evidence, and that certain witness statements were withheld. On August 15, 2006, the state filed a response to appellant's petition. On July 13, 2007, the trial court filed an entry denying appellant's petition to vacate or set aside his conviction. *Page 3 
 {¶ 6} On appeal, appellant, pro se, sets forth the following two assignments of error for this court's review:
 First Assignment of Error:
 The trial court erred in denying the Appellant's petition for post-conviction relief without an evidentiary hearing in violation of Appellant's right to due process under the Ohio and United States Constitutions.
 Second Assignment of Error:
 The trial court erred in denying appellant's] motion for leave to conduct discovery.
 {¶ 7} Appellant's assignments of error will be addressed jointly. Under his first assignment of error, appellant contends that the trial court erred in denying his petition without an evidentiary hearing. Under his second assignment of error, appellant argues the trial court erred in denying his motion for leave to conduct discovery.
 {¶ 8} This court has previously noted that "[t]he post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment." State v. Reynolds, Franklin App. No. 06AP-996, 2007-Ohio-2188, at ¶ 8. R.C. 2953.21 sets forth the requirements for filing a petition for post-conviction relief, and R.C.2953.21(A)(2) provides as follows:
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. *Page 4 
 {¶ 9} In the present case, appellant's petition was filed more than 180 days after the date on which the trial transcript was filed (May 20, 1997) in the court of appeals in the direct appeal of his judgment. Pursuant to R.C. 2953.23(A), in order for a court to consider an untimely petition, a petitioner must demonstrate:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 10} As noted by the state, appellant did not allege that his claim was based on a new federal or state right recognized by the United States Supreme Court that could be retroactively applied to his case. Thus, he appears to rely on the argument he was unavoidably prevented from discovering the facts regarding his claims. In denying appellant's petition, the trial court held that the claims in the petition were matters either raised or known at the time of trial. We agree.
 {¶ 11} In appellant's memorandum in support of his petition, as well as in his appellate brief, appellant cites portions of the trial court transcript in support of his claims *Page 5 
that the prosecutor lost or destroyed exculpatory evidence (citing pages 203-211 of the trial transcript), and that certain witness statements were withheld (citing pages 127, 202, 203, and 211 of the trial transcript). Here, even assuming the prosecutor withheld statements or destroyed exculpatory evidence, the record reflects appellant's attorney would have known about this evidence at the time of trial. Because the matters complained of were clearly known at the time of trial, appellant has not demonstrated that he was unavoidably prevented from discovering the facts on his claims. Nor has he shown that, subsequent to the period prescribed in R.C. 2953.21(A)(2), the United States Supreme Court created a new federal or state right that would apply retroactively to him and his claims were based on said right. Further, as noted by the trial court, because appellant's claims could have been raised on direct appeal, they were also barred under the doctrine of res judicata. SeeState v. Scudder (1998), 131 Ohio App.3d 470, 475 ("A petition for postconviction relief may be dismissed without a hearing, based upon the doctrine of res judicata, when the trial court finds that the petitioner could have raised the issues in his petition at trial or on direct appeal"). Inasmuch as appellant neither filed his petition within the 180-day time period of R.C. 2953.21, nor satisfied the first prong of R.C. 2953.23(A)(1), his petition was not timely, and the trial court did not err in dismissing his petition.
 {¶ 12} Regarding appellant's assertion that the trial court erred in failing to allow discovery, this court has previously held that a post-conviction petitioner "is not entitled to discovery to help him or her establish substantive grounds for relief." State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900. See, also, State v. Conway, Franklin App. No. 05AP-550, 2006-Ohio-6219, at ¶ 17 (noting "[t]he Supreme Court of Ohio has stated *Page 6 
that `there is no requirement of civil discovery in post-conviction proceedings' "). In the instant case, appellant has not shown error by the trial court in denying his discovery request.
 {¶ 13} Based upon the foregoing, appellant's first and second assignments of error are without merit and are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed. Finally, appellant's motion to reconsider this court's November 5, 2007 entry granting appellee's motion to strike appellant's App.R. 9(C) statement is hereby denied.
Judgment affirmed; motion denied.
 FRENCH and McGRATH, JJ., concur. *Page 1