OPINION
{¶ 1} Robert L. Bates, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied his motion for new trial and petition for post-conviction relief.
 {¶ 2} Pursuant to a jury trial, appellant was convicted of one count of murder, a violation of R.C. 2903.02, and two accompanying firearm specifications — one for discharging a firearm from a motor vehicle under R.C. 2941.146 and one for displaying, brandishing, indicating possession of or using a firearm in the commission of an offense *Page 2 
under R.C. 2941.145. In its July 10, 2003 judgment, the court sentenced appellant to 15 years to life for murder, five years for discharging a firearm while inside a motor vehicle, and three years for displaying, brandishing, indicating possession of or using a firearm in the commission of an offense. The trial court ordered appellant to serve each prison term consecutively, for a total of 23 years to life imprisonment. This court affirmed the judgment in State v. Bates, Franklin App. No. 03AP-893, 2004-Ohio-4224.
 {¶ 3} In February 2005, appellant filed a motion for leave to file delayed motion for new trial based upon newly discovered exculpatory evidence and a motion for new trial. Appellant claimed that, in October 2004, his son Troy Bates found a bullet hole in the driver's door of the van appellant was in at the time of the murder. Appellant claimed this evidence demonstrated his girlfriend, who was sitting in the passenger seat at the time of the murder, was the shooter. He asserted he was unavoidably prevented from discovering the evidence due to his incarceration. The court denied the motion for leave and motion for new trial. Appellant did not appeal this judgment.
 {¶ 4} On July 23, 2007, appellant filed a petition for post-conviction relief, claiming his son Robert Jones took photographs of the bullet hole in the van and gave them to appellant's trial counsel in January 2003, and his trial counsel was ineffective for failing to present the photographs to the jury. Also on July 23, 2007, appellant filed a motion for new trial, claiming the judgment was based upon insufficient evidence to sustain a conviction for murder. On August 9, 2007, the trial court denied both motions. Appellant appeals the judgment, asserting the following two assignments of error:
 [I.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST-CONVICTION PETITION AND MOTION FOR NEW TRIAL. *Page 3 
 [II] R.C. § 2953.21 IS UNCONSTITUTIONAL AND THE TRIAL COURT DENIED APPELLANT DUE PROCESS WITH ITS UNCONSTITUTIONAL APPLICATION.
 {¶ 5} Appellant argues in his first assignment of error that the trial court abused its discretion when it denied his motion for new trial and his motion for post-conviction relief. With regard to appellant's motion for new trial, appellant indicated his motion was pursuant to Crim.R. 33(A)(4), which provides, in pertinent part:
 (A) Grounds
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 * * *
 (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified[.]
 {¶ 6} Crim.R. 33(B) provides:
 (B) Motion for new trial; form, time
 Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein. *Page 4 
 {¶ 7} Thus, a defendant who asserts the judgment was based on insufficient evidence or contrary to law must file his motion for new trial within 14 days of the jury's verdict or court's decision. If the defendant fails to file his motion within the 14-day limit, he must seek leave from the trial court to file a delayed motion. Crim.R. 33(B). To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from filing the motion within the 14 days of the court's decision. Id. A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence. State v. Walden (1984), 19 Ohio App.3d 141, 145-146.
 {¶ 8} The standard of "clear and convincing evidence" is defined as that measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. Ford v. Osborne (1887),45 Ohio St. 1, paragraph two of the syllabus.
 {¶ 9} We will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion.State v. Schiebel (1990), 55 Ohio St.3d 71, 76. The abuse of discretion standard of review also applies to Crim.R. 33(B) motions for leave to file a delayed motion for new trial. State v. Pinkerman (1993), *Page 5 
88 Ohio App.3d 158, 160, citing State v. Wright (Mar. 31, 1992), Greene App. No. 90 CA 135. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In the present case, appellant filed his motion for new trial beyond the 14-day limit imposed by Crim.R. 33(B). Therefore, he was required to request leave from the court to file his motion for new trial and demonstrate he was unavoidably prevented from the discovery of the evidence upon which he relied. See Crim.R. 33(B). However, appellant failed to file a motion for leave to file his motion for new trial. In his appellate brief, appellant claims he filed a motion for leave to file his motion for new trial. Appellant maintains he does not know why the clerk of courts failed to file the motion for leave. A review of the docket from the court of common pleas fails to reveal that a motion for leave was ever filed. It is a basic proposition of appellate review that we are strictly limited to the record, and we cannot consider matters outside the record that were not part of the trial court proceedings.State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Thus, we cannot presume appellant file a motion for leave and determine the matter based upon that presumption. Accordingly, given appellant's failure to file a motion for delayed motion for new trial demonstrating that he was unavoidably prevented from filing the motion for new trial in a timely manner, we must find the trial court did not err in denying appellant's motion for new trial.
 {¶ 11} We also note that this case is unlike the circumstances inState v. Carson, Franklin App. No. 07AP-492, 2007-Ohio-6382, in which this court found that the trial court erred in failing to docket or to retain a copy of the defendant's request for leave to file a *Page 6 
delayed motion for new trial. In that case, we found that, despite that the appearance docket did not reflect that the defendant filed a request for leave to file a delayed motion for new trial, there existed other evidence in the record that established the defendant had actually submitted such a filing to the clerk. Here, there is no suggestion in the record that appellant ever filed such a motion for leave to file his motion for new trial. Therefore, we find the trial court did not err when it denied appellant's motion for new trial.
 {¶ 12} With regard to the petition for post-conviction relief, R.C.2953.21(A)(2) provides that:
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 13} In the present case, appellant filed a direct appeal of his conviction and sentencing, and it is undisputed that he did not file his petition for post-conviction relief within 180 days of the transcript being filed in the court of appeals, which was on December 9, 2003. Therefore, appellant must satisfy the criteria set forth in R.C. 2953.23
to allow the late filing of the post-conviction petition. R.C.2953.23(A)(1) provides that a court may not entertain a petition for post-conviction relief filed outside the 180-day period unless both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an *Page 7 
earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 14} Unless these criteria are satisfied, a trial court lacks jurisdiction to consider any petition filed more than 180 days after the time for filing. State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524. Here, appellant's petition was filed well after expiration of the time period provided by R.C. 2953.21(A)(2). Therefore, appellant was required to show the existence of the grounds listed in R.C. 2953.23(A)(1). Appellant's petition does not claim that, subsequent to the time during which appellant was required to file his petition, the Ohio Supreme Court recognized a new state or federal right that applies retroactively to persons in appellant's situation. Thus, in order to satisfy R.C. 2953.23(A)(1)(a), appellant must show he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief.
 {¶ 15} In his post-conviction motion, appellant claimed his son Robert Jones took photographs of the bullet hole in the van, and his trial counsel was ineffective for failing to present the photographs to the jury. However, appellant admitted in his petition for post-conviction relief that the photographs were given to his trial attorney prior to trial and "were dated January 31, 2003[,] way before defendant's trial was well underway, which was June 16, 2003." Accordingly, it is apparent that the photographs were not only in *Page 8 
existence well before trial, but appellant and his trial counsel also discovered and knew about the evidence prior to trial. Thus, appellant was not unavoidably prevented from discovering the evidence in a timely manner. See State v. Rutan, Franklin App. No. 07AP-626, 2007-Ohio-6507, at ¶ 11 (the record reflects defendant's attorney would have known about evidence at the time of trial; thus, because the matters complained of were clearly known at the time of trial, defendant did not demonstrate he was unavoidably prevented from discovering the facts on his claims). Further, as found by the trial court, because the evidence was known to appellant and his counsel prior to trial, appellant's claims could have been raised on direct appeal, and they are barred under the doctrine of res judicata. See id., citing State v. Scudder (1998),131 Ohio App.3d 470, 475 (because appellant's claims could have been raised on direct appeal, appellant's petition for post-conviction relief was also barred under the doctrine of res judicata). Therefore, insomuch as appellant neither filed his petition within the 180-day time period provided in R.C. 2953.21, nor satisfied the first prong of R.C. 2953.23(A)(1), his petition was not timely, and the trial court did not err in dismissing his petition. Appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant argues that the 180-day time limit imposed by R.C. 2953.21(A)(2) for filing a petition for post-conviction relief is unconstitutional. However, appellant did not raise this argument before the trial court. Failure to raise the constitutionality of a statute at the trial court level waives the issue for appellate purposes. State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Therefore, appellant has waived any argument as to the constitutionality of R.C. 2953.21(A)(2) for purposes of this appeal. SeeState v. Nelson, Summit App. No. 20808, 2002-Ohio-3745, *Page 9 
at ¶ 6 (argument that the time requirements for filing a timely petition for post-conviction relief, as set forth in R.C. 2953.21, was unconstitutional and was waived on appeal, as the defendant did not raise this argument before the trial court); see, also, State v.Slagle (Aug. 10, 2000), Cuyahoga App. No. 76834 (argument that R.C.2953.21 and Ohio's post-conviction proceedings are unconstitutional because they do not provide an adequate corrective process was waived on appeal because the defendant did not assert this claim in his petition for post-conviction relief and did not raise this issue at the trial court level); State v. Loza (Oct. 13, 1997), Butler App. No. CA96-10-214 (same). Therefore, appellant's second assignment of error is overruled.
{¶ l7} Accordingly, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1