OPINION
{¶ 1} Willis E. Brooks, III, appeals from the trial court's dismissal of his post-conviction relief petition. Brooks was convicted of burglary, felonious assault on a police officer, and two counts of failure to comply with an order of a police officer. Brooks was sentenced to 15 years in prison and we affirmed his conviction on September 19, 2006. See State v. Brooks, Franklin App. No. 06AP-74, 2006-Ohio-5784. *Page 2 
 {¶ 2} On March 18, 2008, Brooks filed his post-conviction relief petition in which he alleged that the felonious assault counts in the indictment violated Crim. R. 7(B) in that they did not contain the numerical designation of the felonious assault statute. (Brooks was acquitted on one of the felonious assault counts in the indictment.) Brooks asserted that his trial counsel was constitutionally ineffective for failing to challenge the validity of the indictment. Brooks also challenged the jury instructions because they did not specify the specific statutory section of the offenses named in the indictment or the degree of the offense. Lastly, Brooks challenged the adequacy of the trial court's sentencing entry.
 {¶ 3} Brooks alleged in a separate affidavit that he was unavoidably prevented from discovering the facts upon which he relied to present his claims for relief. He stated it was not until he asked several questions at the Chillicothe Correctional Institution's Law Library that he was informed by one of the clerks that his sentence was void due to the error in the jury's findings.
 {¶ 4} The trial court granted the State's motion noting that Brooks had not filed his petition within the 180 days allowed by R.C. 2953.21(A)(2), and he did not meet either of the exceptions provided in R.C. 2953.23(A)(1). The trial court noted that Brooks could have easily discovered the facts on which he relied at trial, during his appeal or within the 180 days after the trial transcript was filed with this court. The court also noted that Brooks had presented no argument to demonstrate that the United States Supreme Court had recognized a new federal or state right that applied retroactively to him and that his petition asserted a claim based on that right. *Page 3 
 {¶ 5} In his first assignment of error, Brooks argues that the trial court abused its discretion when it dismissed his petition on the issue of timeliness. Brooks argues that if the facts were so readily available to him, why did his trial counsel and appellate counsel not find these errors.
 {¶ 6} The State argues that all the facts relied on by Brooks in his petition, i.e., the indictment, the jury instructions, and the judgment entry were in the trial and appellate record and were available to him and his counsel.
 {¶ 7} R.C. 2953.21(A)(2), dealing with the filing of post-conviction relief petitions, states:
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
(Emphasis added.)
 {¶ 8} R.C. 2953.23, provides exceptions to the above 180-day time constraint:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply: *Page 4 
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 9} Brooks clearly filed his petition beyond the 180-day time period provided in R.C. 2953.21(A)(2). The trial court appropriately found that Brooks did not demonstrate that he was unavoidably prevented from discovering the facts upon which he relies to present his claim for relief. The indictment, the jury instructions, and the sentencing entry were all available to Brooks well before the expiration of the 180-day time limit requirement. See State v. Rutan, Franklin App. No. 07AP-626,2007-Ohio-6507. This court has also held that R.C. 2953.23(A)(1)(a) requires new factual information, not new legal theories or a claim of ignorance of the law. State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900. Appellant's first assignment of error is overruled.
 {¶ 10} Brooks also failed to demonstrate in his petition that the United States Supreme Court recognized a new federal or state right that applied retroactively to him. *Page 5 
Brooks alludes in his brief that his petition relies on Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. This court has repeatedly held that Blakely is not retroactive. State v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914. Appellant's second assignment of error is likewise overruled.
 {¶ 11} Finally, although the trial court did not dismiss Brooks' petition on res judicata grounds, it could have done so. The legal errors asserted by Brooks could have been raised in his direct appeal or in a reopening of his appeal pursuant to App. R. 26(B). See State v.Perry (1967), 10 Ohio St.2d 175.
 {¶ 12} Brooks' three assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH and TYACK, JJ., concur.
BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1