[Cite as *State v. Houdeshell*, 2020-Ohio-3768.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                      CASE NO. 5-20-05

    v.

BRENT R. HOUDESHELL,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2016 CR 00108

Judgment Affirmed

Date of Decision: July 20, 2020

APPEARANCES:

    *Gene P. Murray* for Appellant

    *Steven M. Powell* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Brent R. Houdeshell ("Houdeshell"), appeals the January 6, 2020 judgment of the Hancock County Court of Common Pleas denying his motion for leave to file a motion for a new trial. For the reasons that follow, we affirm.

{¶2} This matter originates with Houdeshell's convictions for various charges related to the death of B.F., the minor child of Houdeshell's on-again, off-again girlfriend. On the evening of March 31, 2016, Houdeshell called 9-1-1 to report that B.F. had fallen out of his crib and was unresponsive. *State v. Houdeshell*, 3d Dist. Hancock No. 5-18-02, 2018-Ohio-5217, ¶ 3. B.F. was later pronounced dead at the hospital. *Id.* An autopsy revealed that B.F. had sustained a number of severe injuries, including a skull fracture, a brain contusion, and damage to his liver and lung. *Id.* Houdeshell was subsequently indicted on one count of murder, one count of endangering children, and one count of tampering with evidence. *Id.* at ¶ 4. The case proceeded to a jury trial, and on January 17, 2018, the jury found Houdeshell guilty of all three counts. *Id.* at ¶ 5. Houdeshell was sentenced to an indeterminate term of life in prison with parole eligibility after 17 years. *Id.* at ¶ 6. On December 26, 2018, this court affirmed Houdeshell's convictions and sentence. *Id.* at ¶ 54.

{¶3} On October 16, 2019, Houdeshell filed a motion for a new trial. (Doc. No. 254). In support of his motion for a new trial, Houdeshell explained that he had discovered new evidence material to his defense and that such newly discovered evidence could not with reasonable diligence have been discovered or presented at his trial. (*Id.*). The alleged newly discovered evidence is the confession of Kathy A. Moore ("Moore"), who Houdeshell claims was "the babysitter at all pertinent times for [B.F.]" (*Id.*). In support of his motion, Houdeshell submitted a copy of Moore's alleged March 31, 2018 signed written confession, which was made in the presence of police officers from the Findlay Police Department. (Doc. No. 254, Defendant's Ex. A). In her confession, Moore takes responsibility for causing the injuries that led to B.F.'s death. (*Id.*). Houdeshell requested that a hearing be held on his motion. (Doc. No. 254).

{¶4} On November 15, 2019, the State filed a memorandum in opposition to Houdeshell's motion for a new trial. (Doc. No. 256). In its memorandum, the State argued that Houdeshell's motion should be denied because the motion was untimely and Houdeshell did not request leave of court to file the untimely motion. (*Id.*). The State also maintained that Houdeshell "utterly failed to meet his burden for a new trial and said motion does not warrant a hearing on the same." (*Id.*).

{¶5} On November 22, 2019, Houdeshell filed a motion requesting that his previous motion for a new trial be amended to and considered as a motion for leave

to file a motion for a new trial. (Doc. No. 257). In this motion, Houdeshell "incorporate[d] by reference the entire body of [the] previously filed * * * motion for a new trial," including his request for a hearing. (*Id.*).

{¶6} On January 6, 2020, the trial court denied Houdeshell's motion for leave to file a motion for a new trial. (Doc. No. 259).

{¶7} Houdeshell filed a notice of appeal on February 4, 2020. (Doc. No. 260). He raises one assignment of error for our review.

### Assignment of Error

**The trial court abused its discretion by denying the defendant-appellant's motion for leave of court for a new trial, and by denying the defendant-appellant a hearing on said motion, when the trial court in its discretion, prejudicially decided that "to this day," (the January 6, 2020 date of the decision) "he (defendant-appellant) has never explained his abiding silence even though this vital information might exculpate him," with the trial court in the same decision having denied the defendant-appellant's motion for a hearing in which to do so.**

**So to this day, defendant-appellant respectfully submits that by the trial court's aforementioned abuse of its discretion, defendant-appellant Houdeshell was denied the fundamental and substantial right to remain silent, as guaranteed to any innocent person by the Fifth Amendment to the Constitution of the United States, applicable to the states through the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and defendant-appellant Houdeshell was also denied the fundamental and substantial right to a fair trial, as guaranteed by the Sixth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by Article I, Section 10 of the Constitution of the State of Ohio.**

{¶8} In his assignment of error, Houdeshell argues that the trial court abused its discretion both by denying his motion for leave to file a motion for a new trial and by doing so without holding a hearing. Houdeshell contends that he should have been granted leave to file a motion for a new trial because he did not learn of Moore's confession until December 17, 2018—well after the cutoff for filing a timely motion for a new trial based on newly discovered evidence. He also "respectfully submit[s] as beyond belief in the truth, if it be told, for the trial court to prejudicially pass judgment on [the] confessing witness without hearing from her, and more importantly, without even the willingness to hold a hearing to so hear from her, in sworn testimony on the record." (Appellant's Brief at 7). Lastly, Houdeshell claims that the trial court violated his privilege against self-incrimination because, in denying his motion for leave, the trial court faulted him for failing to disclose, either at trial or before trial, his knowledge of Moore's alleged role in causing B.F.'s death. (*See id.* at 11-13, 15).

{¶9} "Motions for a new trial are governed by Crim.R. 33." *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 28, citing *State v. Keith*, 192 Ohio App.3d 231, 2011-Ohio-407, ¶ 37 (3d Dist.). Crim.R. 33 provides, in relevant part:

(A)  A new trial may be granted on motion of the defendant for any

of the following causes affecting materially his substantial rights:

Case No. 5-20-05

* * *

(6)   When new evidence material to the defense is discovered which

the defendant could not with reasonable diligence have discovered

and produced at the trial.

Crim.R. 33(A)(6).

{¶10} Under Crim.R. 33(B), "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived."  In this case, the jury rendered its verdicts on January 17, 2018. As a result, to be considered timely, Houdeshell would have had to file a motion for a new trial no later than May 17, 2018.  However, because Houdeshell did not file a motion for a new trial on or before May 17, 2018, Houdeshell's attempt to receive a new trial was required to proceed according to the rules and procedures governing untimely motions for a new trial.

{¶11} "In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion."  *State v. DeVaughns*, 2d Dist. Montgomery No. 27727, 2018-Ohio-1421, ¶ 18, citing *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002), and citing *State v. Parker*, 178

-6-

Ohio App.3d 574, 2008-Ohio-5178, ¶ 16 (2d Dist.). "'To obtain leave, [a] defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B).'" *Id.*, quoting *Warwick* at *2; Crim.R. 33(B). "'A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.'" *Keith* at ¶ 39, quoting *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶ 8. "The standard of clear and convincing evidence used in Crim.R. 33(B) means 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 40, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶12} "We review a trial court's decision granting or denying a Crim.R. 33(B) motion for leave to file a delayed motion for a new trial under an abuse of discretion standard." *State v. Keith*, 3d Dist. Crawford No. 3-17-01, 2017-Ohio-5488, ¶ 27, citing *State v. Howard*, 10th Dist. Franklin No. 15AP-161, 2016-Ohio-504, ¶ 46. An abuse of discretion is more than a mere error in judgment; it suggests

that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶13} In denying Houdeshell's motion for leave to file a motion for a new trial, the trial court found as follows:

> Houdeshell's contention that he was unavoidably prevented from discovering Moore's participation in the crime defies logic. Moore's recollection of the events clearly puts Houdeshell at the scene of the crime. In Houdeshell's multiple statements to police, Moore was never mentioned. In fact, his explanation of how B.F. suffered his injuries suggested the child was alone when he fell from the crib and struck his head. A scenario supported by expert trial testimony was offered by the defense. If Moore is to be believed, Houdeshell has not explained how he was unavoidably prevented or detained from divulging her participation in B.F.'s death. There is no compelling justification for consideration of Houdeshell's Motion.

(Doc. No. 259).

{¶14} After reviewing the record, we conclude that the trial court did not abuse its discretion by denying Houdeshell's motion for leave to file a motion for a new trial. As the trial court recognized, Moore's account of the events surrounding

B.F.'s death clearly places Houdeshell at the scene of the crime. Her written confession provides, in relevant part:

> [Houdeshell] was on the phone. I went over to the bedroom. I grabbed him up and shook the baby. Then I bumped his head. I grabbed him and slammed his head into the wall * * *. I then * * * yelled for help. After that, I became mad * * *. I dropped his head again. I then left the room. I watched [Houdeshell] drop the baby. He then went [to] the bathroom and tried to revive the baby. He held the baby up to the shower trying to revive the baby. I grabbed the baby up and abussed [sic] him, slamming his body into the bathroom wall. Trying to force him to down [sic] into the tub. I held him up by his face. Left him fall on the bathroom [sic]. Picked him back up and forced him into his pajammies [sic]. Then [Houdeshell] helped me put him to bed and I kissed him on the head and left the room.

(Doc. No. 254, Defendant's Ex. A).

{¶15} If Moore's written confession is true, something that we assume for purposes of Houdeshell's argument, then Houdeshell has fallen far short of proving by clear and convincing evidence that he was unavoidably prevented from timely filing a motion for a new trial based on newly discovered evidence. At minimum, Moore's confession would support that since the date of B.F.'s death, Houdeshell

knew that Moore was with B.F. at or near the time that he sustained the injuries that caused his death. In fact, Moore's confession, if true, could support that Houdeshell was at all times aware that Moore was actually responsible for most of B.F.'s injuries.

{¶16} In addition, the record reflects that Houdeshell was put on notice that Moore might have information beneficial to his defense long before May 17, 2018. In a July 14, 2017 pretrial discovery submission, the State listed Moore as a potential witness, provided Houdeshell with her address, and gave Houdeshell access to statements Moore made during the course of the investigation, including one statement in which Moore said that she was "there that night." (*See* Doc. No. 82); (*See* Doc. No. 256, State's Ex. 1). Therefore, assuming the truth of Moore's confession, it cannot be said that Houdeshell was "unavoidably prevented" from timely filing a motion for a new trial because the record demonstrates that he had knowledge of the existence of the grounds supporting his motion for a new trial well before the expiration of the 120-day period for filing a timely motion. Furthermore, the record suggests that Houdeshell could with reasonable diligence have learned of the existence of these grounds within the 120-day period.

{¶17} Moreover, we conclude that the trial court did not abuse its discretion by denying Houdeshell's motion for leave without holding a hearing. Like a trial court's ruling on a motion for leave to file a motion for a new trial, "'[t]he decision

-10-

whether to grant or hold an evidentiary hearing on a defendant's request for leave to file a delayed motion for new trial falls within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.'" *State v. Armengau*, 10th Dist. Franklin No. 16AP-355, 2017-Ohio-197, ¶ 33, quoting *State v. Anderson*, 10th Dist. Franklin No. 13AP-831, 2014-Ohio-1849, ¶ 15, citing *State v. Caulley*, 10th Dist. Franklin No. 12AP-100, 2012-Ohio-2649, ¶ 15, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 19 (2d Dist.), and citing *State v. Carson*, 10th Dist. Franklin No. 07AP-492, 2007-Ohio-6382, ¶ 22. "'A criminal defendant "is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue."'" *Id.*, quoting *State v. Ambartsoumov*, 10th Dist. Franklin No. 12AP-878, 2013-Ohio-3011, ¶ 13, quoting *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 54, citing *McConnell* at ¶ 7. "'Thus, "no such hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay."'" *Id.*, quoting *Ambartsoumov* at ¶ 13, quoting *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 23. Here, for the reasons just discussed, neither Houdeshell's motion for leave nor Moore's confession submitted in support of his motion for leave alleges facts that would justify Houdeshell's failure to timely file

-11-

a motion for a new trial. Accordingly, we conclude that the trial court did not abuse its discretion by denying Houdeshell's motion for leave without holding a hearing. *See id.*

{¶18} Finally, contrary to Houdeshell's argument, the trial court did not violate his privilege against self-incrimination when it denied his motion for leave. Critically, the trial court's statement about Houdeshell's "abiding silence" was not made in relation to its decision to deny his motion for leave. Rather, this statement was made in the context of the trial court's alternative conclusion that, even if Houdeshell were granted leave to file a motion for a new trial, it would deny Houdeshell's motion for a new trial because Moore's confession is not newly discovered evidence. (*See* Doc. No. 259). Thus, even if the trial court committed error by referencing or relying on Houdeshell's "abiding silence," such error would be harmless because this statement had no bearing on the trial court's decision to deny Houdeshell's motion for leave. In addition, we do not believe that Houdeshell's rights were violated by the trial court's statement that Houdeshell "has not explained how he was unavoidably prevented or detained from divulging her participation in B.F.'s death" or its observation that Houdeshell never mentioned Moore's presence in any of his pretrial statements. Instead of evincing the trial court's negative view of Houdeshell's decision to exercise his privilege against self-incrimination, these statements serve only to underscore the conclusion that if

Moore's confession is true, as Houdeshell claims, Houdeshell had knowledge of Moore's involvement at all times relevant to his case but utterly failed to provide evidence explaining why he was prevented from bringing this to the court's attention for more than three and a half years. In sum, these statements do not affect our conclusion that the trial court did not abuse its discretion by denying Houdeshell's motion for leave without holding a hearing.

{¶19} Houdeshell's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and ZIMMERMAN, J., concur.**

**/jlr**