[Cite as *State v. I'Juju*, 2016-Ohio-3078.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-692 |
| | | (C.P.C. No. 12CR-5591) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Hassen Habibi I'Juju, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 19, 2016

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief**: *Hassen Habibi I'juju*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Hassen Habibi I'Juju, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court denied his motion to correct judgment entry pursuant to Crim.R. 36.

{¶ 2} In 1985, the trial court found appellant guilty of two counts of aggravated murder with death penalty specifications and one count of kidnapping with a firearm specification. The trial court merged the two aggravated murder counts and sentenced appellant to a single term of 30 years to life, to be served consecutively to a 10-to-25 year term on the kidnapping count and 3 years on the firearm specification. This court affirmed on appeal in *State v. I'Juju*, 10th Dist. No. 85AP-803 (Sept. 2, 1986).

{¶ 3} On May 15, 2015, appellant filed a motion to correct judgment entry pursuant to Crim.R. 36, alleging that his 1985 sentencing entry contained eight

deficiencies. On June 16, 2015, the trial court denied appellant's motion. Appellant appealed the judgment of the trial court, asserting one assignment of error. We subsequently granted appellant's motion to supplement his brief, to which he added a second assignment of error. Appellant's assignments of error, which we have numbered sequentially, are the following:

> [I.] THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO CORRECT JUDGMENT ENTRY PURSUANT TO CRIMINAL RULE 36.
>
> [II.] SENTENCING ENTRY IS ERRED BECAUSE IT SENTENCED THE APPELLANT/DEFENDANT AS THE "PRINCIPAL OFFENDER" RATHER THAN THE "COMPLICITOR."

{¶ 4} Appellant argues in his first assignment of error that the trial court erred when it denied his motion to correct its 1985 judgment entry. Appellant filed his motion pursuant to Crim.R. 36, which provides the following: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A clerical error or mistake refers to "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State v. Brown*, 136 Ohio App.3d 816, 819-20 (3d Dist.2000). Courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995), citing *In re Estate of Cook*, 19 Ohio St.2d 121, 127 (1969). However, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided. *Id.*, citing *Webb v. W. Res. Bond & Share Co.*, 115 Ohio St. 247, 256 (1926).

{¶ 5} In his motion, appellant asserted his sentencing entry was deficient in the following ways: (1) it failed to state which count of aggravated murder defendant was convicted of for the purpose of sentencing; (2) it failed to state the aggravated element, statute, and division of aggravated murder for the purpose of sentencing; (3) it failed to state the jury's verdict in regard to the guilty verdict for the death penalty specification in Count 1 and Count 2; (4) it failed to state the degree of kidnapping for sentencing purposes; (5) it failed to state the verdict for the gun specification; (6) it failed to state the

amount of court costs owed; (7) it failed to state the jail-time credit; and (8) it failed to state appellant's amount of the jury fee.

{¶ 6} The trial court denied appellant's motion, finding there was no clerical error that it needed to correct. The court concluded that the sentencing entry complied with Crim.R. 32(C) and was clear, so there was no need to issue a nunc pro tunc in the matter.

{¶ 7} Crim.R. 32(C) provides, in pertinent part:

> **Judgment**. A judgment of conviction shall set forth the fact of conviction and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ 8} After reviewing the arguments appellant raised in his motion to correct judgement entry, we find they are barred by the law-of-the-case doctrine. Under the doctrine of law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). This doctrine ensures the consistency of results in a case and avoids endless litigation by settling the issues. *Id.* Pursuant to the doctrine, a litigant may not raise arguments "which were fully pursued, or available to be pursued, in a first appeal." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-05 (1996).

{¶ 9} In *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, this court applied the law-of-the-case doctrine to preclude a defendant's argument that the sentencing entry did not comply with Crim.R. 32(C). In *Monroe*, the defendant was convicted of eight counts of aggravated murder, one count of aggravated burglary, two counts of aggravated robbery, and two counts of kidnapping. The trial court imposed the death penalty. Upon direct appeal to the Supreme Court of Ohio, the court affirmed the trial court on both the conviction and sentence. After other motions and filings in the state and federal courts, the defendant filed a motion for a final appealable order, asserting that the trial court's judgment did not comply with Crim.R. 32. As pertinent to the present case, we first noted in *Monroe* that " '[t]he purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run.' " *Id.* at ¶ 26, quoting *State v. Lester*,

130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 10, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127 (1977).  We explained that, considering that the defendant timely filed his direct appeal of the judgment, and the Supreme Court considered and ruled on the same, the defendant could not credibly argue that he was not on notice regarding when a final judgment was entered.  Although the defendant suggested that the Supreme Court lacked subject-matter jurisdiction to consider the direct appeal because the judgment entry was not final and appealable, we rejected this argument, finding that by reviewing and affirming the trial court's judgment, the Supreme Court implicitly found the trial court's judgment was a final appealable order, and the doctrine of law of the case precluded this court from reversing the Supreme Court's determination that the judgment entry was a final appealable order.  We concluded that it was only for the Supreme Court to re-examine the law of the case itself had previously created to determine if that was the only means to avoid injustice.

{¶ 10} We find *Monroe* instructive and applicable to the present case.  Initially, as we found in *Monroe*, the purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run.  Like the defendant in *Monroe*, in the present case, appellant filed a direct appeal of the judgment; thus, appellant cannot credibly argue that he was not on notice regarding when a final judgment was entered.  Furthermore, consistent with our reasoning in *Monroe*, by reviewing and affirming the trial court's judgment in *I'Juju*, this court implicitly found the trial court's judgment was a final appealable order, and the doctrine of law of the case would preclude both the trial court and this court from concluding it was not a final appealable order.

{¶ 11} Although we indicated in *Monroe* that an appellate court may choose to re-examine the law of the case it has itself previously created if that is the only means to avoid injustice, appellant has failed to demonstrate that any injustice would be prevented by granting his motion.  Appellant filed his motion to correct judgment entry 30 years after the trial court filed the original judgment, and appellant has failed to convince us that the trial court's issuing a new entry at this very late juncture would alleviate any prejudice or prevent an injustice.

{¶ 12} We note that, with regard to the seventh deficiency appellant listed in his motion—that the 1985 sentencing entry failed to state his jail-time credit—appellant cannot avail himself of the provisions under R.C. 2929.19(B)(2)(g). R.C. 2929.19(B)(2)(g)(iii), which became effective in 2012, permits an offender, "at any time after sentencing," to file a motion in the sentencing court to correct any error made in making a jail-time credit determination under division R.C. 2929.19(B)(2)(g)(i). Pursuant to R.C. 2929.19(B)(2)(g)(i), which also became effective in 2012, a court must include in the sentencing entry any jail-time credit.

{¶ 13} Although appellant is correct that his 1985 judgment entry did not include any provision for jail-time credit, the requirements in R.C. 2929.19(B)(2)(g)(i) went into effect long after appellant had been sentenced. R.C. 2929.19(B)(2)(g)(iii) provides the authority and procedure for correcting any error in making a determination only under R.C. 2929.19(B)(2)(g)(i). Because appellant was sentenced before the amended statute was effective in 2012, his jail-time credit was not determined under R.C. 2929.19(B)(2)(g)(i). Therefore, R.C. 2929.19(B)(2)(g)(iii) did not apply to confer jurisdiction upon the trial court to entertain appellant's challenge to his 1985 jail-time credit determination. *See State v. Morgan*, 1st Dist. No. C-140146, 2014-Ohio-5325, ¶ 7 (because the defendant was sentenced before R.C. 2929.19(B)(2)(g) was effective, his jail-time credit was not determined under R.C. 2929.19(B)(2)(g)(i), and 2929.19(B)(2)(g)(iii) did not apply to confer upon the common pleas court jurisdiction to entertain his challenge to his 2010 jail-time credit determination).

{¶ 14} Furthermore, we also note that in *State v. Crane*, 10th Dist. No. 85AP-780 (Apr. 1, 1986), which was decided only eight months after the 1985 judgment entry was issued in this case, this court held that the trial court was not required to include jail-time credit in the sentencing entry as jail-time credit was not a part of sentencing. We found that none of the statutes or rules regulating the trial court's imposing sentence referred to jail-time credit, and R.C. 2967.191, which provided for jail-time credit, was directed to the Ohio Adult Parole Authority and was inapplicable to a trial court judge. Thus, at the time appellant was sentenced in the present case, the trial court was not required to include jail-time credit in the sentencing entry.

{¶ 15} Therefore, for all of the foregoing reasons, we find the trial court did not err when it denied appellant's motion to correct judgment entry, and we overrule appellant's first assignment of error.

{¶ 16} Appellant argues in his second assignment of error that the trial court's sentencing entry was erroneous because it sentenced him as the principal offender rather than the complicitor. Appellant contends that nowhere in the sentencing entry does it indicate that he was convicted as a complicitor under R.C. 2923.03 and 2903.01. However, insofar as appellant contends that this alleged defect rendered the sentencing entry not a final appealable order and defective under Crim.R. 32(C), we reject it for the same reasons explained in our disposition of appellant's first assignment of error. Furthermore, appellant failed to raise this issue in his motion to correct judgment entry filed in the trial court. It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived. *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 13. Under Crim.R. 52(B), we may take notice of plain errors affecting substantial rights despite the fact that they were not brought to the attention of the trial court. We take notice of plain error only in exceptional circumstances to prevent a manifest miscarriage of justice. *State v. Sneed*, 63 Ohio St.3d 3, 10 (1992). The error must constitute an obvious defect in the trial proceedings and affect an appellant's substantial rights. *State v. Carter*, 10th Dist. No. 03AP-778, 2005-Ohio-291, ¶ 22. Appellant has not claimed plain error in this appeal and we do not find plain error to have occurred. For these reasons, we overrule appellant's second assignment of error.

{¶ 17} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., concurs in judgment only.
LUPER SCHUSTER, J., concurs.

_____