[Cite as *State v. Del-Fierro*, 2016-Ohio-5803.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-1145 |
| v. | : | (C.P.C. No. 14CR-4377) |
| Carlos Del-Fierro, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 13, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee. **Argued:** *Valerie B. Swanson.*

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Carlos Del-Fierro, appeals a decision of the Franklin County Court of Common Pleas declining to dismiss the indictment against him for two counts of trafficking in heroin. Because we agree with the trial court that Del-Fierro did not sufficiently produce evidence of prejudice to support his claim that the prosecution violated his right to due process, we affirm the trial court's denial of Del-Fierro's motion to dismiss the indictment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} According to facts set forth in a warrant affidavit and apparently not disputed by the parties, on February 7 and 14, 2012, Del-Fierro sold heroin to an undercover police officer in the amount of approximately one gram on each occasion. On the February 14 occasion, Del-Fierro also sold the undercover officer a shotgun and

ammunition. Lab reports issued on April 3 and 4, 2012, confirmed that the substance sold was heroin.

{¶ 3} Over two years later, on August 15, 2014, a grand jury indicted Del-Fierro for two counts of trafficking in heroin, felonies of the fourth degree. The second count, relating to the February 14, 2012 transaction, also included a firearm specification. After initially failing to appear for the scheduled arraignment and being arrested pursuant to a capias writ, Del-Fierro pled "not guilty" on November 19, 2014. (Nov. 19, 2014 Plea Form.)

{¶ 4} After three jointly-agreed-upon continuances by the parties in which Del-Fierro waived speedy-trial time, on June 30, 2015, Del-Fierro filed a motion to dismiss the indictment. On July 17, 2015, after another jointly-requested continuance, the State responded in a memorandum contra. After another jointly-requested continuance in which Del-Fierro again waived speedy trial time, Del-Fierro supplemented his initial motion, modifying his argument to acknowledge that the true thrust of his original motion was a due process argument based on the over two-year delay between the end of the investigation and his indictment.

{¶ 5} On August 17, 2015, the trial court held an oral hearing on the motion to dismiss. At the hearing, representatives for both Del-Fierro and the State argued the issue. Del-Fierro argued that prejudice resulted from the fact that the current charges should have been brought and resolved at the same time as prior charges (not addressed in the indictment). Del-Fierro argues that not resolving the prior and current matters contemporaneously resulted in potentially new immigration consequences and that, at trial of the current offenses, the prior convictions (which could have been concurrent, rather than prior) could be used against him for impeaching his testimony if he chose to testify. Had Del-Fierro sufficiently demonstrated prejudice from the delay, the State was prepared to present a witness to testify about the reasons for the delay. However, the trial court determined that Del-Fierro had not shown substantial prejudice to cause the State to offer evidence to meet a legal burden to explain the delay. The trial court explained its reasoning as follows:

> Based on the arguments of counsel that have been presented
> and the nature of the current charges, it's my finding that

there is not a showing of substantial prejudice to the Defendant from the indictment, that I find that it's speculative at best whether from the nature of the current charges that they would have in any way benefited the Defense strategy that was articulated at the sentencing hearing and in the plea negotiations that were under way at that time.

(Aug. 17, 2015 Tr. at 20-21.)

{¶ 6} On August 20, 2015, Del-Fierro pled no contest to and was found guilty of the charges in the indictment. On November 20, 2015, the trial court sentenced Del-Fierro to serve 18 months in prison and memorialized that sentence in a judgment entry issued on November 24, 2015. Specifically, the trial court sentenced Del-Fierro to six months on each of the heroin trafficking counts to be served concurrently with each other but (as required by law) consecutively to the one-year gun specification.

{¶ 7} Del-Fierro now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Del-Fierro assigns a single error for review:

THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY OVERRULING HIS MOTION TO DISMISS THE INDICTMENT.

## III. DISCUSSION

{¶ 9} The Supreme Court of Ohio has recently explained the legal, analytical framework Ohio courts apply when considering delays by the prosecution between investigation and formal charging:

The Due Process Clause of the Fifth Amendment provides limited protection against preindictment delay. *United States v. Lovasco*, 431 U.S. 783, 789-790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); [*United States v.*]*Marion*, 404 U.S. [307,] 324-325, 92 S.Ct. 455, 30 L.Ed.2d 468 [(1971)]. We have recognized a comparable due-process protection under Article I, Section 16 of the Ohio Constitution. [*State v.*]*Luck*, 15 Ohio St.3d 150, 15 Ohio B. 296, 472 N.E.2d 1097 [(1984)], at paragraph two of the syllabus. *See State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 51-52.

No. 15AP-1145

> A defendant alleging a due-process violation based on preindictment delay must present evidence establishing substantial prejudice to his right to a fair trial. *United States v. Rogers*, 118 F.3d 466, 475 (6th Cir.1997); *Walls* at ¶ 51. Unlike a Sixth Amendment speedy-trial claim, no presumption of prejudice arises in the due-process context when a preindictment delay exceeds a particular length of time. *United States v. Schaffer*, 586 F.3d 414, 425 (6th Cir.2009). But a delay in commencing prosecution is not justified when the state uses the delay to gain a tactical advantage or through negligence or error ceases its investigation and then later, without new evidence, decides to prosecute. *Marion* at 324; *Luck* at 158.
>
> We have held that if the defendant makes a preliminary showing of substantial prejudice, then the burden shifts to the state to present evidence of a justifiable reason for the delay. *State v. Whiting*, 84 Ohio St.3d 215, 217, 1998 Ohio 575, 702 N.E.2d 1199 (1998); *Walls* at 452-453.

*State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 97-99.

{¶ 10} Because the trial court decided that Del-Fierro had not shown the requisite substantial prejudice, it never reached the question of whether the State's delay was justified. Thus, our review centers on whether Del-Fierro in fact presented evidence sufficient to show the substantial prejudice necessary to shift the burden to the State to justify the delay.

{¶ 11} At the motion hearing, Del-Fierro's counsel (who was also counsel in Del-Fierro's prior matters) asserted two forms of prejudice that Del-Fierro suffered as a result of the State's having delayed indicting the heroin trafficking counts despite apparently having all the evidence needed to indict when Del-Fierro was prosecuted for other crimes. Del-Fierro's counsel asserted Del-Fierro was prejudiced by the delay, because he was able to bundle and simultaneously resolve by a plea deal all the other cases but not the unindicted heroin allegations. Del-Fierro pursued the bundling strategy in a calculated attempt to avoid deportation, not being a United States citizen. He served a term of incarceration for these crimes and was in fact able to avoid deportation. Del-Fierro's counsel asserted that Del-Fierro is now prejudiced by the subsequent indictment on charges that should have been brought, should have been resolved, and should have been

considered during the first plea agreement and subsequent immigration proceedings. Second, Del-Fierro asserted that some of the convictions to which he pled in 2012 are crimes of moral turpitude that can now be raised to impeach him at trial on the heroin charges should he choose to testify. In short, the existence of the prior convictions implicating moral turpitude make it harder for him to choose to go to trial, may preclude him from testifying on his own behalf if he does, and creates a situation where he has little choice but to plead guilty to the crimes. Del-Fierro also asserts that this potentially affects his immigration status, which was recently challenged as a result of the former convictions and resolved in his favor. He argues that a second challenge based on subsequent criminal conviction(s) imperils his ability to stay in the United States and that this was unnecessary, since all charges could have been resolved in a single proceeding.

{¶ 12} On appeal, Del-Fierro again asserts prejudice in that he has been caused to face a stacking of his convictions and is unable to bundle them for bargaining purposes, affecting his United States residency status, risking deportation. He also argues that this stacking effect creates de facto consecutive sentencing without required findings being made under R.C. 2929.14(C)(4).

{¶ 13} The problem with these arguments is that they are not based in evidence from which the trial court could find prejudice to Del-Fierro. Instead, they consist of Del-Fierro's counsel's assertions at the hearing and nothing else. This is insufficient to meet Del-Fierro's burden to "present evidence establishing substantial prejudice." *Adams* at ¶ 98; *RNG Properties, Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, ¶ 28 fn. 1, quoting *Corporate Exchange Bldgs. IV & V, L.P. v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 299 (1998) ("We have long held that 'statements of counsel are not evidence.' "). And even if we were to consider Del-Fierro's counsel's statements as evidence, absent certain exceptions, counsel cannot properly serve as both counsel and witness. Prof.Cond.R. 3.7(a). Trial counsel did not call any witnesses to Del-Fierro's immigration matters; not Del-Fierro himself or Del-Fierro's counsel for those proceedings. Trial counsel did not offer his own sworn statement about prior proceedings (to the extent permitted under Prof.Cond.R. 3.7(a)), but he did present judgment entries and a sentencing transcript from the prior criminal proceedings to the trial court. However, these do not contain any information about Del-Fierro's immigration matters or

about prejudice that Del-Fierro may now suffer as the result of these subsequent proceedings. The record is devoid of "evidence" from which the trial court could have found "substantial prejudice" and it was left with no alternative but to make a finding that substantial prejudice has not been shown to cause the prosecutor to explain his delay. *Adams* at ¶ 98.

{¶ 14} Del-Fierro did not make his consecutive-sentences argument to the trial court on the heroin charges. Based on the doctrine of waiver, we find nothing in the record to support our now considering the issue. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. I'Juju*, 10th Dist. No. 15AP-692, 2016-Ohio-3078, ¶ 16, citing *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 13. We are unable to notice plain error from the record, since under the legal framework within which Del-Fierro makes his motion to dismiss, he did not present evidence of substantial prejudice, the threshold issue he must address, even applying a plain error analysis.

{¶ 15} On appeal Del-Fierro has abandoned the impeachment argument he made to the trial court. We, nevertheless, consider the arguments to create finality to Del-Fierro's appeal, exercising our authority under App.R. 12(A)(1)(b) allowing us to "[d]etermine the appeal on its merits on * * * the record on appeal under App.R. 9," including "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits." App.R. 9(A)(1). The record from the trial court shows that three of Del-Fierro's prior convictions were crimes involving dishonesty (theft, breaking and entering, and receiving stolen property). As such these crimes would be admissible as evidence to impeach his credibility were he to testify on his own behalf in a trial on the subsequent indictment for heroin trafficking. Evid.R. 609(A)(3). But there was no evidence offered such as testimony from Del-Fierro or his counsel that he desired to go to trial but was hindered from freely deciding to do so because of the impeachment question concerning the prior, separate convictions. Without evidence of prejudice, there was no evidence of substantial prejudice, required for the trial court to cause the State to have to explain its delay.

{¶ 16} An argument alone without "present[ing] *evidence* establishing substantial prejudice," is insufficient to support the granting of a motion to dismiss the indictment.

(Emphasis added.) *Adams* at ¶ 98. We affirm the trial court's decision based on the record before it that Del-Fierro failed to show substantial prejudice concerning the State's delay in indicting the heroin offenses. Accordingly, Del-Fierro's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 17} In arguing his due process claim for preindictment delay, Del-Fierro did not meet his legal burden to present evidence establishing substantial prejudice. The trial court did not err in refusing to dismiss the indictment. Del-Fierro's sole assignment of error is overruled, and the decision of the Franklin County Court of Common Pleas denying his motion to dismiss the indictment is affirmed.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.