[Cite as *State ex rel. Bates v. Franklin Cty. Court of Common Please*, 2019-Ohio-557.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert L. Bates, | : | |
| Relator, | : | |
| v. | : | No. 17AP-752 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on February 14, 2019

---

**On brief:** *Robert L. Bates,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Amy L. Hiers*, for respondent.

---

IN MANDAMUS

BROWN, J.

{¶ 1} Relator, Robert L. Bates, has filed an original action requesting this court issue a writ of mandamus ordering respondent, Franklin County Court of Common Pleas, to either file a corrected and signed sentencing entry arising out of his 2003 conviction for murder, or to hold a new sentencing hearing.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. On March 29, 2018, respondent filed a motion for leave to file a motion to dismiss instanter, along with its motion to dismiss. Relator has not filed a response.

{¶ 3}   The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion and dismiss relator's mandamus action.  No objections have been filed to that decision.

{¶ 4}   Finding no error or other defect on the face of the magistrate's decision, and based on our independent review, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  Accordingly, we grant respondent's motion and dismiss relator's mandamus action.

*Motion to dismiss granted;*
*action dismissed.*

SADLER and BRUNNER, JJ., concur.

_____

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Robert L. Bates, | : | |
| Relator, | : | |
| v. | : | No. 17AP-752 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on June 7, 2018

*Robert L. Bates,* pro se.

*Ron O'Brien,* Attorney General, and *Amy L. Hiers*, for respondent.

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, Robert L. Bates, has filed this original action requesting this court issue a writ of mandamus because the trial court judge did not sign his 2003 sentencing entry. Relator asked this court to order respondent to either file a corrected and signed sentencing entry or hold a new sentencing hearing.

<u>Findings of Fact</u>:

{¶ 6} 1. Relator is an inmate currently incarcerated at Grafton Correctional Institution.

{¶ 7}   2. Relator was convicted of one count of murder and two accompanying firearm specifications—one for discharging a firearm from a motor vehicle and one for displaying, brandishing, indicating possession of or using a firearm in the commission of an offense.  The trial court sentenced relator to 15 years to life for murder, 5 years for discharging a firearm while inside a motor vehicle, and 3 years for using a firearm in the commission of an offense.  The trial court ordered that each prison term be served consecutively, for a total of 23 years to life imprisonment.

{¶ 8}   3.  It is undisputed that the trial court judge did not sign the sentencing entry.

{¶ 9}   4.  Relator appealed his convictions in *State v. Bates,* 10th Dist. No. 03AP-893, 2004-Ohio-4224.  This court affirmed his convictions and sentence.

{¶ 10} 5.  In February 2005, relator filed a motion for leave to file a delayed motion for new trial.  The trial court denied the motion for leave and motion for new trial, and relator did not appeal this judgment.

{¶ 11} 6.  In July 2007, relator filed a petition for postconviction relief and a motion for new trial.  The trial court denied both motions and relator filed an appeal.

{¶ 12} 7.  In *State v. Bates,* 10th Dist. No. 07AP-753, 2008-Ohio-1422, this court affirmed the judgment of the trial court.

{¶ 13} 8.  In April 2009, relator filed a motion for leave to file a delayed motion for new trial, which the trial court denied.  The trial court's decision was upheld by this court in *State v. Bates,* 10th Dist. No. 09AP-583, 2009-Ohio-6422.

{¶ 14} 9.  In April 2011, relator filed a motion for revised sentencing entry in the trial court arguing, for the first time, that the sentencing entry was not signed.  The trial court did not rule on that motion.

{¶ 15} 10.  In September 2013, relator filed a motion seeking notice of plain error arguing, in part, that the trial judge did not sign the sentencing entry.  The trial court judge did not rule on this motion.

{¶ 16} 11.  In October 2017, relator filed another motion seeking correction of the sentencing entry.

{¶ 17} 12.  On October 23, 2017, relator filed the instant mandamus action asking this court to issue a writ of mandamus ordering the trial court judge to sign the sentencing court entry.

{¶ 18} 13.  In a decision and entry filed November 29, 2017, the trial court denied the motion.

{¶ 19} 14.  On December 11, 2017, relator filed a notice of appeal in this court and that appeal is currently pending in case No. 17AP-869.

{¶ 20} 15.  On March 29, 2018, respondent filed a motion for leave to file a motion to dismiss instanter along with their motion to dismiss.

{¶ 21} 16.  Relator has not filed a response and respondent's motion to dismiss is before the magistrate for consideration.

Conclusions of Law:

{¶ 22} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus action.

{¶ 23} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 24} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party.  *Id.*

{¶ 25} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery.  *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975).  As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being

asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 26} Pursuant to Crim.R. 32(C), a judgment of conviction in a criminal case is a final order subject to appeal when it sets forth the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating the entry on the journal by the clerk. Although it is undisputed in this case that the underlying sentencing entry does not comply with Crim.R. 32(C) because it does not contain the trial judge's signature, the magistrate finds that relator may not challenge the sentencing entry at this time because he has already appealed from the sentencing entry and this court affirmed the judgment.

{¶ 27} In *State v. I'Juju,* 10th Dist. No. 15AP-692, 2016-Ohio-3078, this court held that a criminal defendant may not challenge a sentencing entry under Crim.R. 32(C) if a reviewing court has already affirmed the judgment. Specifically, this court stated:

> After reviewing the arguments appellant raised in his motion to correct judgement entry, we find they are barred by the law-of-the-case doctrine. Under the doctrine of law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 11 Ohio B. 1, 462 N.E.2d 410 (1984). This doctrine ensures the consistency of results in a case and avoids endless litigation by settling the issues. *Id.* Pursuant to the doctrine, a litigant may not raise arguments "which were fully pursued, or available to be pursued, in a first appeal." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-05, 1996 Ohio 174, 659 N.E.2d 781 (1996).
>
> In *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, 29 N.E.3d 391, this court applied the law-of-the-case doctrine to preclude a defendant's argument that the sentencing entry did not comply with Crim.R. 32(C). In *Monroe*, the defendant was convicted of eight counts of aggravated murder, one count of aggravated burglary, two counts of aggravated robbery, and two counts of kidnapping. The trial court imposed the death penalty. Upon direct appeal to the Supreme Court of Ohio, the court affirmed the trial court on both the conviction and sentence. After other motions and filings in the state and federal courts, the

defendant filed a motion for a final appealable order, asserting that the trial court's judgment did not comply with Crim.R. 32. As pertinent to the present case, we first noted in *Monroe* that "'[t]he purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run.'" *Id.* at ¶ 26, quoting *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 10, 958 N.E.2d 142, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127, 363 N.E.2d 719 (1977). We explained that, considering that the defendant timely filed his direct appeal of the judgment, and the Supreme Court considered and ruled on the same, the defendant could not credibly argue that he was not on notice regarding when a final judgment was entered. Although the defendant suggested that the Supreme Court lacked subject-matter jurisdiction to consider the direct appeal because the judgment entry was not final and appealable, we rejected this argument, finding that by reviewing and affirming the trial court's judgment, the Supreme Court implicitly found the trial court's judgment was a final appealable order, and the doctrine of law of the case precluded this court from reversing the Supreme Court's determination that the judgment entry was a final appealable order. We concluded that it was only for the Supreme Court to re-examine the law of the case itself had previously created to determine if that was the only means to avoid injustice.

We find *Monroe* instructive and applicable to the present case. Initially, as we found in *Monroe*, the purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run. Like the defendant in Monroe, in the present case, appellant filed a direct appeal of the judgment; thus, appellant cannot credibly argue that he was not on notice regarding when a final judgment was entered. Furthermore, consistent with our reasoning in *Monroe*, by reviewing and affirming the trial court's judgment in *I'Juju*, this court implicitly found the trial court's judgment was a final appealable order, and the doctrine of law of the case would preclude both the trial court and this court from concluding it was not a final appealable order.

Although we indicated in *Monroe* that an appellate court may choose to re-examine the law of the case it has itself previously created if that is the only means to avoid injustice, appellant has failed to demonstrate that any injustice would

be prevented by granting his motion. Appellant filed his motion to correct judgment entry 30 years after the trial court filed the original judgment, and appellant has failed to convince us that the trial court's issuing a new entry at this very late juncture would alleviate any prejudice or prevent an injustice.

*Id.* at ¶ 8-11.

{¶ 28} Because relator already filed a timely direct appeal from the sentencing entry, he cannot argue that he lacked notice regarding when final judgment was entered. Furthermore, in affirming relator's sentence, this court implicitly found that the sentencing entry was a final appealable order. Further, there is no reason for this court to re-examine the law of relator's case because he has failed to demonstrate how correcting the sentencing entry to include the trial judge's signature 15 years after his conviction and appeal would alleviate any prejudice or prevent an injustice.

{¶ 29} Based on the foregoing, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).