[Cite as *State v. Bates*, 2019-Ohio-1172.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-869 (C.P.C. No. 02CR-5136) |
| Robert L. Bates, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on March 29, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gibert*, for appellee.

**On brief:** *Robert L. Bates*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Robert L. Bates, appeals from a November 29, 2017 judgment of the Franklin County Court of Common Pleas denying his motion requesting that the trial judge issue a corrected sentencing entry in his criminal case. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} In June 2003, a jury found appellant guilty of murder with firearm and drive-by specifications. On July 7, 2003, the trial court sentenced appellant to 15 years to life on the murder count with an additional 3 and 5 consecutive years on the specifications. The judgment entry filed with the clerk of courts does not bear the judge's signature.

{¶ 3} With leave granted by this court, appellant filed a delayed appeal two months later. Appellant raised a single assignment of error, asserting that the trial court abused its discretion when it sentenced him to consecutive sentences for two gun

specifications that were allied offenses of similar import. We overruled the assignment of error and affirmed the trial court. *State v. Bates*, 10th Dist. No. 03AP-893, 2004-Ohio-4224. Appellant did not bring a further appeal to the Supreme Court of Ohio from that decision.

{¶ 4} Appellant thereafter engaged in abundant postconviction practice in state and federal courts. Only the pertinent filings are recounted below.

{¶ 5} In February 2005, appellant filed a motion for leave to file a motion for new trial. He alleged newly discovered evidence. The trial court denied the motion for leave. In July 2007, appellant filed another motion for new trial alleging the jury verdict was not supported by sufficient evidence or was contrary to law. On the same day, appellant filed a petition for postconviction relief alleging ineffective assistance of counsel. On August 9, 2007, the trial court denied both motions. Appellant appealed. We affirmed the trial court's denial of both motions. *State v. Bates*, 10th Dist. No. 07AP-753, 2008-Ohio-1422, *appeal not accepted for review*, 119 Ohio St.3d 1414, 2008-Ohio-3880.

{¶ 6} In April 2009, appellant filed another motion for leave to file a delayed motion for new trial. He claimed actual innocence and newly discovered evidence. On May 21, 2009, the trial court denied appellant's motion. Appellant appealed, and we affirmed the trial court's denial of the motion. *State v. Bates*, 10th Dist. No. 09AP-583, 2009-Ohio-6422, *appeal not accepted for review*, 124 Ohio St.3d 1522, 2010-Ohio-1075.

{¶ 7} In April 2011, appellant filed a motion for revised sentencing entry. For the first time, appellant raised the lack of the judge's signature on his sentencing entry. Appellant argued the sentencing entry did not comply with Crim.R. 32(C) and, therefore, it was not a final appealable order pursuant to R.C. 2505.02 and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. Appellant requested the court file a revised sentencing entry pursuant to *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, and *State ex rel DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235. The state filed a memorandum in response and agreed that the sentencing entry did not comply with Crim.R. 32(C) due to the lack of a judge's signature. The state asserted, however, that the appropriate remedy, pursuant to *Burge*, is a corrected sentencing entry, not a new sentencing hearing. There is nothing in the record to reflect the trial court ruled on this motion.

{¶ 8}   In September 2013, appellant filed a motion in the trial court asking the court to take notice of plain error pursuant to Crim.R. 52(B).  Appellant argued that because his original sentencing entry lacked a judge's signature and did not comply with Crim.R. 32(C), it was void.  The state responded by referencing its memorandum in response to the April 2011 motion and argued the original sentencing entry was not void.  Again, the record does not reflect that the trial court disposed of this motion.

{¶ 9}   In October 2017, appellant filed the motion that gives rise to the present appeal.  He asked the trial court to (1) issue a corrected revised sentencing entry to comply with Crim.R. 32(C), and (2) hold a limited resentencing hearing if the original sentencing judge is not available to issue the corrected sentencing entry.  Appellant argued that according to *Baker* and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, the original sentencing entry in his case is not a final appealable order.  Appellant argued further that because the original sentencing judge is no longer available to sign a new resentencing entry, *State v. Anderson*, 8th Dist. No. 87136, 2006-Ohio-3905, mandates that a full resentencing hearing must be held and a nunc pro tunc entry cannot remedy the lack of signature.  The state filed a memorandum in response, again conceding the original sentencing entry does not comply with Crim.R. 32(C), *Baker*, and *Lester*, and again arguing that the remedy, according to *Burge*, is to file a nunc pro tunc corrected sentencing entry, not hold a resentencing hearing.  On November 29, 2017, the trial court, "after full and careful consideration," found the motion "not well taken" and denied it. (Nov. 29, 2017 Decision and Entry.)  Appellant timely appealed.

{¶ 10} Concurrently with the latest proceedings above, on October 23, 2017, appellant filed a complaint in mandamus in this court, asking that we issue a writ ordering the trial court judge to correct the sentencing entry. This filing preceded by approximately one month the trial court's November 29, 2017 denial of appellant's motion that forms the basis of the present appeal. On February 14, 2019, this court rendered a decision adopting a magistrate's decision recommending denial of the writ. *State ex rel. Bates v. Franklin Cty. Court of Common Pleas,* 10th Dist. No. 17AP-752, 2019-Ohio-557.  We relied on *State v. I'Juju*, 10th Dist. No. 15AP-692, 2016-Ohio-3078, to hold that appellant's remedy lay in a direct appeal, not a writ, because the court's initial sentencing entry was implicitly deemed a final order in the initial, direct appeal to this court. Following *I'Juju*, we noted that a criminal defendant may not challenge the finality

of a sentencing entry that allegedly does not comply with Crim.R. 32(C) if a reviewing court has already affirmed the judgment on appeal, and thereby implicitly held that the sentencing entry is a final order. Our decision in the mandamus action concluded that due to the availability of an appeal (the one now before us), appellant did not lack a legal remedy to compel the trial court to sign the original sentencing entry.

## II. Assignment of Error

{¶ 11} Appellant brings the following sole assignment of error for our review:

> TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S MOTION TO CORRECT HIS SENTENCING ENTRY SO THE ENTRY COULD COMPLY WITH CRIM.R. 32(C).

## III. Discussion

{¶ 12} Often our analysis of a case begins with an examination of the jurisdictional question of whether the order appealed from is a final, appealable order; this case doubles that predicate requirement by requiring a decision as to whether two orders are final and appealable: the trial court's original July 7, 2003 sentencing entry, and the November 29, 2017 entry denying appellant's motion requesting a corrected sentencing entry that includes the judge's signature. Because the appealability of the latter is conditioned on the appealability of the former, we first examine the status of the original sentencing entry.

{¶ 13} In *Baker*, syllabus, the Supreme Court of Ohio held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; (4) entry on the journal by the clerk of court." A sentencing entry that lacks these elements is not final and appealable. *Id.*; *Lester*; *State v. Rexrode*, 10th Dist. No. 17AP-224, 2017-Ohio-8837. On its face, therefore, the 2003 sentencing entry in this case was not a final, appealable order because it lacked the judge's signature. The state concedes as much in its brief on appeal. It is important to note, however, that "technical failure to comply with Crim.R. 32(C) * * * is not a violation of a statutorily mandated term, so it does not render the judgment a nullity." *Burge* at ¶ 19. Therefore, while the *finality* of the trial court's sentencing entry in this case may be discussed in the sense of ripeness for appeal, that entry is not a *void* judgment that may be collaterally attacked even after it has been affirmed on appeal. *State v. Peoples*, 10th Dist. No. 14AP-271, 2014-Ohio-5526.

{¶ 14} Although the sentencing entry does not, on its face, comply with Crim.R. 32(C), this court treated it as a final order in the initial direct appeal. Under these circumstances, this court has twice held on similar facts that the doctrine of the law of the case, *once this court has accepted and reviewed the disputed sentencing entry on direct appeal*, precludes a subsequent conclusion in post-judgment proceedings that the order was not final and appealable. We will again apply that principle in this case.

> After reviewing the arguments appellant raised in his motion to correct judgement entry, we find they are barred by the law-of-the-case doctrine. Under the doctrine of law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 11 Ohio B. 1, 462 N.E.2d 410 (1984). This doctrine ensures the consistency of results in a case and avoids endless litigation by settling the issues. *Id.* Pursuant to the doctrine, a litigant may not raise arguments "which were fully pursued, or available to be pursued, in a first appeal." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-05, 1996 Ohio 174, 659 N.E.2d 781 (1996).

*I'Juju* at ¶ 8. Relying on our prior decision in *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, in *I'Juju,* we applied the law of the case doctrine to preclude the appellant's argument that his sentencing entry did not comply with Crim.R. 32(C) and was not a final, appealable order. "By reviewing and affirming the trial court's judgment * * *, this court implicitly found the trial court's judgment was a final appealable order, and the doctrine of law of the case would preclude both the trial court and this court from concluding it was not a final appealable order." *I'Juju* at ¶ 10. *See also, State v. White*, 10th Dist. No. 17AP-538 (Feb. 13, 2018 memorandum decision), ¶ 9 ("Even if there were some defect in the judgment entry, pursuant to Crim.R. 32(C), appellant's claim would still be barred by the law of the case doctrine. The Supreme Court has determined * * * that 'once the appellate court agrees to conduct this review, it has already implicitly treated the trial court's decision as a final appealable order * * *.' *State v. Coffman*, 91 Ohio St. 3d 125, 129 (2001).").

{¶ 15} This court did note in *Monroe* that an exception to the law of the case doctrine applies allowing an appellate court to " ' "re-examine the law of the case *it has itself previously created*, if that is the only means to avoid injustice." ' " (Emphasis sic.)

*Id.,* quoting *Koss v. Kroger Co.*, 10th Dist. No. 07AP-450, 2008-Ohio-2696, ¶ 19, quoting *Pavlides v. Niles Gun Show, Inc.,* 112 Ohio App.3d 609, 615 (5th Dist.1996). Our decision in *I'Juju*, therefore, duly examined the possibility of injustice when applying the law of the case and concluded that there was no reason to revisit our prior conclusion that the trial court's sentencing entry was final and appealable.

{¶ 16} While we do not take lightly the omission of a judge's signature from a judgment of conviction and sentence, we find here, as in *I'Juju*, that there is no injustice present to mandate a finding that the original sentencing entry was not appealable. The purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time to file an appeal has begun to run. *I'Juju* at ¶ 9, citing *Lester* at ¶ 10.  As in *I'Juju,* we find, after careful examination of the transcript of the sentencing hearing for appellant, that the absence of the judge's signature did not prejudice his rights or his ability to pursue a direct appeal. The verbal pronouncement of the trial judge reflected the requirements of Crim.R. 32(C) as it existed at the time of sentencing. The judge set forth the fact of conviction based on the jury's verdict in the sentence, including the possibility of post-release control and the consecutive nature of the firearm specifications, and the entry is duly stamped as entered by the clerk. The only element lacking is the judge's signature. Subsequent proceedings on direct appeal and post-appeal motions have not been impeded by the absence of that element.  There is no reason to revisit our prior implicit conclusion on direct appeal that the sentencing entry in this case was a final, appealable order notwithstanding its facial noncompliance with Crim.R. 32(C). The law of the case doctrine, therefore, mandates a finding that the original sentencing entry was a final, appealable order.

{¶ 17} We may easily distinguish our decision here from a prior case of this court that concluded that the criminal defendant's remedy lay in a writ. In *State v. Bonner*, 10th Dist. No. 14AP-611, 2015-Ohio-1010, we dismissed an appeal from a trial court order refusing to correct a sentencing entry. (The pertinent sentencing entry was the second in the case, the first having already been subject to appeal, reversal, and remand.) We noted deficiencies in the trial court's second sentencing entry that made it noncompliant with Crim.R. 32(C).  However, we found in *Bonner* that pursuant to *Baker* and *Lester*, the sentencing entry was not a final appealable order. As a result, the trial court's subsequent order in *Bonner* denying a motion to correct the sentencing entry was itself merely

interlocutory, and could not be appealed. In the absence of a final appealable order, the trial court's refusal to correct the second sentencing entry could only be remedied by means of an original action. *Bonner* at ¶ 29. That second entry, however, unlike those in this case, *I'Juju*, and *White*, had not been the object of a direct criminal appeal. We therefore did not face a law-of-the-case argument in Bonner as we do here, and could decide the case simply on the basis of *Baker* and *Lester*.

{¶ 18} This case is also distinguishable from the Supreme Court's decision in *Dunn*, in which the defendant did not take a direct appeal from the allegedly defective sentencing entry, but sought to obtain his release from prison by a writ of habeas corpus in the Supreme Court. The Supreme Court relied on the lack of a final appealable order to conclude that Dunn had an adequate remedy at law by way of a motion in the trial court for a revised sentencing entry, which, if denied, might be corrected by obtaining a writ of procedendo from the court of appeals. *Dunn* at ¶ 9. Again, *Dunn*, like *Bonner*, did not involve a prior direct appeal that allowed application of the law of the case doctrine to make the underlying sentencing entry a final appealable order. Moreover, since the defendant in Dunn had yet to seek his remedy by means of a motion before the trial court, the trial court had not had the opportunity to deny such a motion and place the defendant in the same posture as appellant here.

{¶ 19} Through the cases discussed above[1], this court has found a consistent manner of dealing with sentencing entries that are allegedly deficient under Crim.R. 32(C), after the trial court has denied (rather than refused to rule upon) a motion to correct such an entry. If a direct appeal from the underlying sentencing entry has previously been taken in and decided by the court of appeals, the sentencing entry is implicitly a final order through application of the law of the case doctrine. A subsequent order from the trial court denying the defendant's motion to correct the sentencing entry is itself a final appealable order, rather than interlocutory, and may be addressed by this

---

[1] We are aware that our decisions here and in appellant's companion mandamus action are difficult to reconcile with the Supreme Court's decision in *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609. In that case, the Supreme Court granted a writ to correct the defective sentencing entry, even though the entry had been the object of a prior direct appeal and affirmance and the defendant had a legal remedy by way of a motion to correct sentence and, if denied, an appeal from the denial. *Culgan*, however, appears clearly overruled by the recent case of *State ex rel. Henley v. Langer*, ___ Ohio St.3d ____, 2018-Ohio-5204: "[T]o the extent that *Culgan* indicated that a writ of mandamus is available to review a trial court's denial of a motion for a final, appealable order, it failed to recognize the distinction between a trial court's refusal to rule on a motion * * * and its denial of such a motion." *Id.* at ¶ 21 (Kennedy, J., concurring in judgment only).

court on appeal. If, to the contrary, no direct appeal was taken from the noncompliant sentencing entry, that entry remains a non-final order and no direct appeal may be taken from the subsequent order from the court denying a motion to correct the sentencing entry. At that point, as in *Bonner*, the defendant's remedy (once the trial court has denied his motion to correct the sentencing entry) lies in a writ of procedendo ordering the trial court to grant him the correct sentencing entry to which he is entitled.

{¶ 20} In contrast, if the defendant has pursued a legal remedy through a motion before the trial court, and the court has simply declined to rule on the motion, the defendant's remedy is through a writ of procedendo, and the appealability of the underlying sentencing entry is not determinative. If the defendant has yet to bring a motion before the trial court to correct the underlying sentencing entry, neither an appeal nor a writ is ripe. *Dunn.*

{¶ 21} We therefore conclude that the trial court's order denying appellant's latest motion to correct his sentencing entry was a final, appealable order. We have acted consistently with that in denying appellant's separate, concurrent action seeking a writ of mandamus, on the basis that appellant maintains an adequate remedy at law by means of this appeal. The law of the case is therefore doubly set before us, and we proceed to consider the trial court's order denying appellant's motion to correct his sentencing entry. Because the entry on its face does not comply with Crim.R. 32(C), and the state concedes as much, we sustain appellant's assignment of error and remand the matter to the trial court. Appellant is entitled to a sentencing entry that complies with Crim.R. 32(C). *Culgan,* supra, at ¶ 10.

{¶ 22} On remand, however, the trial court's corrective action is straightforward. "Any failure to comply with Crim.R. 32(C) [is] a mere oversight that [vests] the trial court with *specific, limited jurisdiction* to issue a new sentencing entry to reflect what the court had previously ruled." (Emphasis sic.) *Burge*, supra, at ¶ 19. The appropriate remedy is to issue a corrected sentencing entry that complies with Crim.R. 32(C). *Id.* at ¶ 20; *see also Dunn* at ¶ 10. The court may correct such a clerical error through a nunc pro tunc entry. *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, ¶ 8. Appellant is entitled to a nunc pro tunc entry from the trial court adding the judge's signature. The fact that the original judge has left the bench is not an impediment to such a signature by a successor judge assigned to the case. *See generally*, *State v. Roberts,* 150 Ohio St.3d 47, 2017-Ohio-

2998 (Successor judge may act to implement conditions of remand without revisiting fact of conviction or declared sentence.).

## IV.  Conclusion

{¶ 23}  We accordingly sustain appellant's assignment of error, reverse the order of the Franklin County Court of Common Pleas denying appellant's motion for a corrected sentencing entry, and remand the matter to the Franklin County Court of Common Pleas for entry of a complete nunc pro tunc sentencing entry, compliant with Crim.R. 32(C), *Baker*, and *Lester*, and containing the required elements, including the judge's signature.

*Judgment reversed; case remanded.*

BROWN and BRUNNER, JJ., concur.

_____