[Cite as *State v. Meads*, 2026-Ohio-1242.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

NICHOLAS MEADS,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-19

OPINION AND
JUDGMENT ENTRY

Appeal from Marion Municipal Court
Trial Court No. CRB1902702

Judgment Affirmed

Date of Decision:  April 6, 2026

APPEARANCES:

    *Darren L. Meade* and *Marcus A. Ross* for Appellant

    *Jeff Ratliff* for Appellee

**WILLAMOWSI, J.**

{¶1} Appellant Nicholas Meads ("Meads") brings this appeal from the judgment of the Marion Municipal Court denying his petition to have his prior criminal record expunged. On appeal Meads claims that the judgment is against the weight of the evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} In 2019, Meads was charged with disorderly conduct in violation of R.C. 2917.11, a misdemeanor of the fourth degree. Pursuant to a plea agreement, Meads entered a plea of no contest to the charge of disorderly conduct and the State agreed to dismiss another case.[1] The trial court accepted the no contest plea and found Meads guilty on September 25, 2019. The trial court ordered Meads to serve two years of community control.

{¶3} On July 29, 2021, the State filed a motion to impose the suspended sentence due to a violation of community control sanctions. A hearing on the violation was held on November 17, 2021. The trial court determined that Meads had violated the terms of his community control by following the victim in his car and contacting her in an inappropriate manner. The trial court then ordered Meads to serve a sentence of 10 days in jail.

---

[1] The other case involved a violation of a civil protection order and is a companion case on appeal, assigned case number 9-25-18. There is also a third case on this appeal that involved the dismissal of a domestic violence case in July of 2025 and was assigned case number 9-25-17.

{¶4} On April 21, 2025, Meads filed an application to seal the criminal record of the conviction. A hearing was held on June 11, 2025. Meads, who lived out of state at the time of the hearing, attended remotely. At the hearing, Meads moved to amend the motion to request the conviction be expunged rather than sealed. The State did not object to either the request to seal or expunge the conviction. However, the victim of the disorderly conduct, Meads' former girlfriend and the mother of his child, objected and made a statement. The victim listed multiple instances where Meads had continuously harassed her since the two had separated.[2] The victim was concerned that if the conviction were sealed or expunged, the police would not have all of the information if there were issues in the future. Meads did not testify and did not present any evidence for the record in support of his motion to grant the expungement. Instead, Meads simply relied upon the arguments put forth by his attorney. At the end of the hearing, the trial court denied the motion for expungement on the disorderly conduct conviction. Meads appealed from this judgment and raised the following assignment of error on appeal.

> **The trial court abused its discretion when it denied [Meads']
> motion for expungement because the [trial court] did not properly
> weigh the competing interests involved and the [trial court's]
> decision is not supported by the record.**

---

[2] The victim claimed that she believed Meads had set fire to her house and should have been charged with arson. The State indicated they knew nothing of it and that no charges had been filed as a result of her allegations.

{¶5} The expungement of a record of conviction for a disorderly conduct is permitted under R.C. 2953.32. The application for an expungement is permitted to be filed after one year has passed since the final discharge of the sentence. R.C. 2953.32(B)(1)(b)(i). Once the application for expungement has been filed, the trial court is to set a hearing date and notify the prosecutor. R.C. 2953.32(C). If the prosecutor objects, they may file a written objection. R.C. 2953.32(C). The prosecutor shall then provide notice to the victim, who has a right to speak at the hearing. R.C. 2953.32(C). The statute then sets forth what the trial court shall consider at the hearing.

> (D)(1) At the hearing held under division (C) of this section, the court shall do each of the following:
>
> (a) Determine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section . . . and determine whether the application was made at the time specified in division (B)(1)(a) or (b) of division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense;
>
> (b) Determine whether criminal proceedings are pending against the applicant;
>
> (c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;
>
> (d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statements of any victim . . . if applicable;

. . .

R.C. 2953.32(D)(1). Once the trial court has considered the factors set forth in (D)(1), the trial court should seal or expunge the records of the conviction if it finds that (1) the conviction is not one of the prohibited offenses under division (A), (2) the application was made after the time specified in division (B), (3) no criminal proceeding is pending against the applicant, (4) the interests of the applicant in having the records sealed or expunged is not outweighed by a legitimate governmental need, and (5) the applicant has been satisfactorily rehabilitated. R.C. 2953.32(D)(2).

{¶6} Here, Meads attempted to have his conviction for disorderly conduct expunged. The trial court determined that the government's need to maintain the records in this case outweighed Meads' interest in having the records expunged. A review of the record shows that the State did not object, but the victim presented objections and set forth reasons why she wished the records to remain. The victim's objections are one of the factors the trial court must consider to determine whether the expungement should be granted. The trial court determined that the concerns

raised by the victim raised legitimate government interests and that those interests outweighed the stated reasons for the expungement. We note that counsel for Meads did not present any evidence to rebut the victim's statement and in support of the motion. Instead, counsel, with the court's consent, merely stated the reasons that would have been stated by Meads. However, statements of counsel are not evidence. *State v. Del-Fierro*, 2016-Ohio-5803, ¶ 13 (10th Dist.). Thus, the trial court's determination in this case is supported by the record. The assignment of error is overruled.

{¶7} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

 

John R. Willamowski, Judge

 

William R. Zimmerman, Judge

 

Mark C. Miller, Judge

DATED:
/hls